Dear Mr. Lawrence:
You ask this office to advise if under the fire and police civil service law, an employee who is temporary appointed to a newly created position, not included within an existing classification plan at the time of the temporary appointment, may be "blanketed in" or permanently appointed to the new position, without examination and certification, when the position is formally created and allocated to a class within the system.
At the outset, we point out that the municipal fire and police civil service system first received constitutional status as Section 15.1 (Subsections 1 through 39) of Article XIV of the Louisiana Constitution of 1921. Thereafter, in Section 18 of Article 10 of the 1974 Constitution, "the provisions of Article XIV, Section 15.1 of the Constitution of 1921" were "retained and continued in force and effect continued as statutes" in La.R.S. 33:2471, et seq.
Further, our opinion herein is applicable to all municipal fire and police civil service systems, and such systems in parishes and fire protection districts, for the reason that these jurisdictions are subject to companion bodies of fire and police civil service law, which contain nearly identical provisions. See the Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000 at La.R.S. 33:2471, etseq., and the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts at La.R.S. 33:2531, etseq.
Turning to an examination of the law which is relevant to your question, we note that the significance of the process known as "blanketing in" is that the law permits in certain instances the permanent appointment of an employee in the fire and police civil service to a position without examination and certification. *Page 2 
This is a statutory process set forth in both La.R.S. 33:2486 and La.R.S. 33:2546, as follows:
When any position is first allocated hereunder, or is reallocated to a different class to correct an error in its previous allocation, or because of a change in the duties of a position which has the effect of abolishing the position and creating a new position of another class, the employee in the position may continue to serve therein, with the status and all the rights and privileges he would have had under this Part if he had been originally appointed by examination and certification hereunder to a position of the class to which the position has been allocated or reallocated. Such employee however may be transferred without further tests of fitness or certification to any position of the class to which the position was previously allocated while held by the employee.
Under La.R.S. 33:2486 (and by extension, La.R.S. 33:2546), "blanketing in" properly occurs when a classification plan is originally adopted by the civil service board, permitting an incumbent in a position to continue to serve in the position without examination and certification when the position is allocated to the appropriate class.[1] Further, under La.R.S. 33:2486 and La.R.S. 33:2546, if it is determined that an original allocation of a position was made to the wrong class, the civil service board may correct the error by reallocating the position and incumbent to the proper class without examination or certification.
In addition, both La.R.S. 33:2486 and La.R.S. 33:2546 contemplate the use of the "blanketing in" process in the scenario where the duties of a position are so drastically changed as to have the effect of abolishing that position and creating a new position of another class, and the position is `reallocated' to the other class. In this instance, the employee in that position may either: (1) continue to serve in the position in the new class `with the status and all the rights and privileges he would have had under [the law] if he had been originally appointed by examination and certification hereunder to a position of the class to which the position has been . . . reallocated; `or (2) such employee may be transferred to any position of the class to which the position was previously allocated while held by the employee.
Here, the argument exists that the language of both La.R.S. 33:2486 and La.R.S. 33:2546 permit the same "blanketing in" procedure "when any position is first allocated hereunder" to a newly created class in an already existing classification plan. However, the Louisiana Supreme Court has specifically rejected this argument, determining in the case ofHoppe v. City of Shreveport, 340 So.2d 1314 (La. 1976) that, where a previously adopted classification plan *Page 3 
existed, a person temporarily assigned to the newly created position of "Assistant Police Chief" could not be "blanketed in" automatically without examination and certification when the new class was formally adopted by the civil service board. In Hoppe, the Louisiana Supreme Court advised:
when . . . an entirely new position is created and then initially allocated within the classified service, no permanent appointment may be made to it except in accordance with the examination and certification procedures set forth by Section 15.1 [of Article XIV of the 1921 Constitution]. Id., at page 1319.
This office does not make factual determinations, and for this reason we express no opinion regarding the events in any specific jurisdiction which may have occurred relative to this issue. However, we do here state that it is the opinion of this office that, where there is in existence a previously adopted classification plan, the permanent appointment of a temporary appointee to a newly created position, without examination and certification, is in contravention to the state fire and police civil service law and the interpretation of that law by the Louisiana Supreme Court in the Hoppe decision.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] See Hoppe v. City of Shreveport, 340 So.2d 1314, 1318 (La. 1976), discussing Subsection 16 of Section 15.1 of Article XIV of the Louisiana Constitution of 1921, which was later promulgated as La.R.S. 33:2486.